*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-2718-GHK (RCx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | *Jetclub Aircharter AG v. The Travel Agency, LLC, et al.* | | |

**Presiding: The Honorable**            **GEORGE H. KING, U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:       (In Chambers) Order to Show Cause**

On April 24, 2008, Plaintiff Jetclub Aircharter AG ("Plaintiff") filed the above-captioned Complaint in this Court. The Complaint states that Plaintiff is a foreign corporation incorporated, and with its principal place of business, in Switzerland. The Complaint also alleges that Defendant The Travel Agency, LLC ("Defendant") is a California limited liability company.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, we have original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be filed in federal court based on diversity jurisdiction where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.*

## I.    Foreign Corporate Citizenship

For purposes of assessing diversity, a foreign corporation has dual citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).[1]

There are two rules used to establish a corporation's principal place of business. "First, the 'place of operations test' locates a corporation's principal place of business in the state which contains a substantial predominance of corporate operations. Second, the 'nerve center test' locates a corporation's

---

[1] For the purposes of 28 U.S.C. § 1332(c), the Ninth Circuit has held that there should be "no distinction drawn between those corporations incorporated in a state of the United States and those incorporated in a foreign country . . . ." *Danjaq, S.A. v. Pathe Communications Corp.,* 979 F.2d 772, 774 (9th Cir. 1992). Therefore, our inquiry remains the same.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2718-GHK (RCx) | Date | June 23, 2008 |
|---|---|---|---|

| Title | *Jetclub Aircharter AG v. The Travel Agency, LLC, et al.* |
|---|---|

principal place of business in the state where the majority of its executive and administrative functions are performed." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (internal citations and some quotation marks omitted). However, "[t]he 'nerve center' test should be used only when no state contains a substantial predominance of the corporation's business activities." *Id.* (emphasis omitted). Thus, following the Ninth Circuit rule, we apply the place of operations test unless the party seeking to establish jurisdiction shows that the activities of a foreign corporate party do not substantially predominate in any one location.

In applying the operations test, we determine a corporation's principal place of business by examining an entity's entire activities. *See Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990). We consider a corporation a citizen of the state where it "conducts the most activity that is visible and impacts the public" and where there is the "greatest potential for litigation." *Id.* When a corporation conducts business in more than one state, we regard as its principal place of business that state which "contains a substantial predominance of the corporation's business activities." *Id.* at 1092. Important factors in making this determination are the locations where income is earned, purchases are made, and sales take place, as well as the location of employees, tangible property, and production activities. *Id.* at 1094. "Substantial predominance" does not require that the *majority* of a corporation's business take place in one state, only that the amount of a corporation's business activity in one state be significantly larger than that in any other state in which the corporation conducts business. *Tosco Corp.*, 236 F.3d at 500. The relevant comparison for the purposes of determining foreign corporate citizenship, then, is between the amount of business activity in the state at issue and the amount conducted in other locations, not between the amount of activity conducted in the state at issue and the corporation's total activity. In other words, the issue is not the percentage of a corporation's activity conducted in a given location, taken alone, but that percentage in comparison to the percentage of activity the corporation conducts in other locations.

In order to properly determine foreign corporate citizenship, we require information, for each of the top five locations in which a foreign corporate party conducts business, in at least the following categories: (1) the number of employees it has in each location;[2] (2) the gross percentage of its sales originating in each location; (3) the gross percentages of its assets held in each location.[3] We also require information on the location of a corporate party's headquarters, but we will revert to the use of

---

[2]We seek to determine where a party "conducts the most activity that is visible and impacts the public." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990). Thus, our definition of "employees" for the purpose of subject matter jurisdiction includes not only salaried and hourly employees, but also, as relevant, independent agents and any other person in whatever capacity who interacts with the public in behalf of a party.

[3]As with the number of employees, our definition of assets is broad, including assets held by anyone defined in footnote 2 as an employee in furtherance of a party's business.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2718-GHK (RCx) | Date | June 23, 2008 |
|---|---|---|---|
| Title | *Jetclub Aircharter AG v. The Travel Agency, LLC, et al.* | | |

the 'nerve center' test only if the response information shows that a corporate entity's operations do not predominate in a single state.

## II.     Limited Liability Company Citizenship

The Complaint also does not properly show the citizenship of the limited liability company party.  "For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members."  15 Martin H. Redish, *Moore's Federal Practice* § 102.57[8] (3d ed. 2007); *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").  We require evidence of the citizenship of every member of each limited liability company party.

Often, at least one member of a limited liability company is itself a business entity.  If that is the case, we require information of that business's citizenship under the proper rule for that particular type of entity.  *See* 15 Martin H. Redish, *Moore's Federal Practice* §§ 102.56–102.57.  If any member is incorporated, then we also require, for each incorporated member, all the information listed in Part I of this order pertaining to the determination of corporate citizenship.

## III.     Order

The party seeking to establish jurisdiction bears the burden of proving such.  *Kokkonen*, 511 U.S. at 377.  Here, the Complaint is insufficient to do so because Plaintiff has not provided the required information noted above regarding its own and Defendant's citizenship.  Therefore, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE DAYS**, as to why this matter should not be dismissed because this court lacks subject matter jurisdiction.

Plaintiff's failure to timely and adequately show cause as required herein shall be deemed Plaintiff's admission that this Court lacks subject matter jurisdiction.  In that event, this action shall be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |